THE PHILADELPHIA NATIONAL BANK, a corporation existing under the laws of the United States of America, *vs.* MARTHA MORGAN.

New Castle County, May Term, 1894.

**Affidavit of Demand.**—The name of the affiant must appear in the affidavit of demand indicating who makes oath or affirmation that he believes the debt is justly due. The name cannot be supplied by intendment.

**Same. Cashier.**—An acting cashier of a bank may make an affidavit of demand.

This was a suit upon a promissory note brought to this term, in which the following affidavit of demand was filed by the plaintiff:

" State of Pennsylvania, ss.
Philadelphia City and County.

" On this second day of May A. D. 1894, before me a Notary

Public of the Commonwealth of Pennsylvania residing in the city Philadelphia, personally appeared Levi L. Rue, who being by me duly sworn according to law doth depose and say,

"That he is the assistant cashier of the Philadelphia National Bank, the plaintiff above named; that the office of cashier of said corporation is now vacant, by the death of the former holder, and that he is authorized to and does perform all the duties of the office of cashier aforesaid; that hereunto annexed is a true and full copy of the promissory note which constitutes the cause of action in this suit; that the sum demanded is nine hundred and forty-six dollars, with interest from the fifth day of April A. D. 1894,

"And one and 67-100 dollars for costs of protesting said note, and that said ——————— verily believes the same is justly and truly due."

"Sworn to and subscribed the day and year aforesaid before me.

" Witness my hand and official seal.

  [SIGNED]        LEVI L. RUE,"

  [SEAL]   " ALFRED J. WILKINSON, *Notary Public.*"

*Ward*, for the defendant, objected to the sufficiency of the affidavit of demand, contending.

First. That the statute requires that the claimant shall make affidavit that the sum claimed is justly and truly due. In this affidavit the name is blank and the affidavit is in that respect defective.

Second. The affidavit shows on its face that the office of cashier is vacant, and the assistant cashier, although performing the duties of the officer deceased—is not the proper officer under a strict construction of this statute, to make this affidavit, inasmuch as the act of Assembly says that it shall be made by " the cashier."

*Tilgham Johnson* for the plaintiff.

LORE, C. J.  As to your second ground, we have no doubt, if the affidavit set forth that he was the acting cashier, he would be the proper officer to make the affidavit.

But as to the first objection, we think it is fatal.  This is a mandatory provision ; and the Court has held that what is mandatory in that statute must be strictly complied with ; and it must appear on the face of the affidavit that somebody swears that the amount is justly and truly due.  The Court have held again and again that they could not supply an affidavit by intendment.  They have never permitted an affidavit to be amended.